## SUPREME COURT.

BERNARD M'CAFFERTY agt. GEORGE G. GLAZIER, Commissioner of Streets and Lamps, &c., and others.

Preliminary *injunctions* are within the discretion of the court—they are not in every case matters of strict right; and, after a hearing on both sides, and a denial of all fraud, an injunction clearly ought not to be continued, where it is not necessary to the rights of the one party, and is certain to be most prejudicial to those of the other.

In an action against the street commissioner and other officers of the city of New-York, for damages, claimed by reason of an alleged violation of the contract by the commissioner, in not awarding the bids for cleaning the streets to the plaintiff, as the lowest responsible bidder,

*Held*, that the defendants should not be tied up by an injunction, and prevented from having the streets in controversy cleaned pending the litigation.

*New-York Special Term, June,* 1854.

THIS was a motion by the defendants to dissolve a temporary injunction. It appears that the plaintiff, with others, were bidders for the contracts of cleaning the streets in the different wards of the city of New-York, under the proposals advertised by the street commissioner.

In his complaint, he alleged various violations, by the commissioner, in awarding the contracts; that the plaintiff was the lowest bidder, and entitled to them on that ground, on giving security—which he had offered, but which the commissioner had refused. A temporary injunction against the defendants was granted, restraining them from proceeding under the contracts awarded, and which the plaintiff claimed.

The defendants, on their answer and affidavits, denied the material allegations of the complaint, and moved to dissolve the injunction, with costs.

ROBERT J. DILLON, *for defendants.*

SANDFORDS, PORTER, & STRIKER, *for plaintiff.*

M'Cafferty agt. Glazier, Commissioner, &c., and others.

ROOSEVELT, Justice. The plaintiff, in this case, is an inhabitant of Williamsburgh. He does not pretend that he will be subjected to any undue taxation if the contract for cleaning certain streets in the city of New-York, instead of being given to him, shall be granted to the higher bidders. His object is, or at least purports to be, profit, and profit only. He does not desire to clean the streets of New-York merely for the satisfaction of cleaning them; or, if he does, no one will prevent, in that respect, the gratification of his wishes. If he has a legal claim, he must, like other suitors, wait until it can, in due course, be legally established. If he has none, there is no reason for an injunction to prevent an interference with that which does not exist.

The right of the plaintiff, if any, is to the profit, if any, which he would realize. He has no right to stop the cleaning of the streets. And it may be that when the case comes to be finally tried, instead of profit, his contract, had he obtained it, will appear to have been a losing one. If his bids, as suggested by the officer in charge of the department, were merely sham propositions, (a point to be hereafter determined by evidence,) such would probably be the result. At all events, it would be monstrous to say that the streets of this city are to continue festering with filth, until the claims, real or unfounded, of an inhabitant of Williamsburgh shall, after, perhaps, years of litigation, be reached in their order, and finally disposed of.

Preliminary injunctions are within the discretion of the court; they are not, in every case, matter of strict right; and, after a hearing on both sides, and a denial of all fraud, an injunction clearly ought not to be continued where it is not necessary to the rights of the one party, and is certain to be most prejudicial to those of the other. In a case, too, where the public health is concerned, there is no room and no time for hesitation.

The injunction, which was issued *ex parte*, must therefore be dissolved. Order accordingly.

Judge CLERKE said,—On mature consideration, I fully concur in the above opinion, and would have come to the same

conclusion, if the motion to dissolve had been made before me; and if the same arguments were presented to me as were submitted to Judge Roosevelt on the motion.